Dockins v. American Family Financial Services. The first case, United States v. Mendoza-Lawrence has been submitted on the briefs. Go ahead. Good morning, Your Honor. May it please the Court, Cal Potter, on behalf of Mrs. Bobbi Dockins, the appellant, knowing that the Court is familiar with the facts of this case, I want to focus on why— I just want to say one other thing. The acoustics in this room are awful, so if everybody could speak up, I'd appreciate it. Knowing that the Court is familiar with the facts of this case, I want to focus on why the District Court erred in granting summary judgment in this matter. The basic premise is that there was a 41B violation and dismissal in the State Court, and that did not occur. This was a discovery violation under the Nevada Rules of Civil Procedure dealing with 16.1, which is similar to the 26.1 type discovery requirements. In this particular instance, the District Court found that there had not been a compliance with a witness list, and so the case was dismissed on a second motion to dismiss under 16.1. The Nevada Supreme Court then affirmed that decision under the 16.1 sanction, as well as the 37B2 sanction, but neither the District Court, the State District Court, nor the Nevada Supreme Court ever mentioned that this was a 41B sanction. And the 41B— Kagan. What difference does it all make anyway? Because the 41B sanction deals with— Yes, but this is a case between different parties and one that couldn't have been brought at the same time and so on. Why are we getting into the other questions? I'm sorry? Well, I don't understand what difference the exact situation in the Nevada court matters. Well, and I don't believe that it does, because you have a situation here where the underlying tort fees was never determined, or Mrs. Dockins was never determined to be at fault. That tort action was dismissed not on the merits and certainly not on the factual merits. And the parties are dissimilar when we go and file for the—what we believe is a legal entitlement by Mrs. Dockins under her contract with American Home Family Insurance. Public policy has also told us over a period of time that the purpose of uninsured or underinsured motorist coverage is to make sure that an individual who is injured has sufficient coverage. The statutory scheme in Nevada also requires that all insurance companies offer the uninsured, underinsured motorist coverage to their insured. So in this instance, Mrs. Dockins entered into that agreement with American Home Family. At this point in time, she has been denied her coverage, which she had contracted for. And the footnote four in the district court's opinion talks about that if the Nevada Supreme Court wanted to allow the coverage for the underinsured motorist coverage, it could have dismissed or overturned the decision of the state district court. But that certainly wasn't even a factor that was brought before the state district court or the Nevada Supreme Court. Instead, what the Pemberton case, the Nevada Supreme Court case, deals with is that the insured is not referred or required to obtain a judgment against the tortfeasor to recover against the American family. The other case that the federal district court had relied upon, the Drennan case, also goes through the various ways in which an individual can prove coverage and fault on the part of the insurance company and the underfunded insurance. And I would submit that in this particular matter, what occurred was that Mrs. Dockins has approximately $150,000 in medical expenses. You haven't established legal liability. So you would have to establish that in this action. Yes. And what is important, though, is that most cases don't go through some type of litigation down below. Many cases are settled and you get into the underinsured motorist coverage based upon the __________. Right. But even so, you'd still have to prove that there was, in fact, liability. Right? That's correct, in terms of the fault of the driver. Right. So you're going to have to establish that. And the district court seemed to think you were arguing that you weren't going to have to establish that. But you are going to have to establish that. Yes, ma'am. And one of the arguments that we were making is that when we sued the attorney who had been involved in the 16.1 violation, his coverage happened to be the similar amounts of State Farm. They paid $85,000, which would be similar to what the underlying torque fuser would have paid if, indeed, he had been responsible. But the majority of these automobile cases are settled or they go through some type of arbitration. In this particular instance, nothing was reached on the merits other than the fact that there was a discovery dismissal. I would also state that the clear purpose of the claim preclusion is to relieve parties of the cost and vexation of multiple lawsuits. This didn't occur here. American Home Family was never involved in the State court case because that was strictly against the torque fuser, the individual that rear-ended Ms. Stockins in the underlying accident. But when did you first ask for coverage by American Family? American Family was asked after the period of time in which the case had been dismissed in the State court. Right. So they didn't owe you any obligation until after that? Correct. And the Nevada Supreme Court... So you couldn't have brought a case against them before that? I'm sorry? So you couldn't have sued them before that? No. And what's important, Your Honor, is that there's a two-year statute of limitations that's for the underlying torque claim, but a six-year statute of limitations to go after American Home Family Insurance as the insurance company for Ms. Stockins because it's a contractual relationship, which is different in the tortious relationship between Mr. Lynn and State Farm, his carrier, State Farm, and Ms. Stockins in the underlying accident. So the situation here is that you have six years to go after American Home Family once you have dealt with that torque claim. And I would submit to your honor that the federal district court in making this decision was concerned that there would be different adjudications, but there was no adjudications on the merits of the underlying tort action. There was simply a sanction that was imposed. And I believe that's important because 41B talks about making a decision on the merits. If an individual has been violating a court order, unlike what happened here, where there was a discovery order or discovery rule that was not complied with, then you have an entire different situation. I would also state that in the underlying case, when Mr. Lynn, the tortfeasor's attorney, filed the motion for sanctions, he advised the court of whether it was a 41B or whether it was a discovery sanction. But you already said earlier that you couldn't have brought this case at that time anyway and that parties were different. That's correct. So what difference does the rest of this make? Well, it deals with the issue of provision. Why does it have to be a – what's the difference if it was on the merits? It was still a – I mean, your other argument is that it was a – there were different parties and it was a different claim. That's correct, Your Honor. And I'd like to reserve some remaining time. Thank you. Good morning, Your Honors. My name is Jim Silvestri. I represent the Appellee American Family Insurance. Okay. Let me start by saying my understanding is that to have a claim preclusion, you have to have parties or privities, and maybe that's a little murky under Nevada law, but not very. And – but secondly, you have to have a claim, the same claim, and this claim couldn't even have been brought at that time and involves different – somewhat different issues. So where are we? I don't understand how you would fly a res judicata of that kind, claim preclusion. And if it's issue preclusion, the fact that it wasn't adjudicated on the merits gets rid of it. So don't – so I'd like your comments on this. I do want to address that issue. It's an incorrect statement, Your Honor. What's an incorrect statement? That suit could not have been brought against American families. Did you start the clock? Yeah, the time's not running. Yes, time's not running. Sorry. Okay. It is incorrect that a claim could not have been brought against American family until the underlying tort claim was resolved. No, until they made a claim against you and you abused it. Right. And so they have a – she had an obligation under any insurance contract to put American family on notice. All right. Well, that's your merits argument. Which wasn't done. That's right. That's a merits argument. That's right. But the fact is, is that Ms. Dawkins could have sued American family at the same time that she sued Mr. Lynn. She could have put American family on notice, which under Nevada – But she didn't, and you weren't a party to that case. Right. And which to our prejudice, we would have – we would have – if we had failed to intervene, then that would have been our problem. But you're not a party. You weren't in privity. No, but – So how do you get claim preclusion against you? Yes, Your Honor. Claim preclusion in Nevada is applicable when the party against whom the claim can be brought. Well, there is one district court case, Federal District Court case, so, Halding. Is there any Nevada case – Yeah, the – we believe – Excuse me. Yes, Your Honor. In which there was actually a claim preclusion claim, which was not true in the case you just cited or in any other, as far as I can tell. As opposed to an issue of preclusion. Yeah. The Five Star case, which is the Nevada Supreme Court case addressing this issue, is not the situation that you just addressed. However, the Nevada Supreme Court has indicated that that is not the primary issue. The question is whether or not it's a – But there's no case Nevada-Halding. Not aware of one, Your Honor. And it's a very odd rule. It's very what? On a national basis, it's a very unusual rule. To have non-mutual claim preclusion. Yeah. Yeah, except the rule does specifically say in Nevada that it's parties or privies. And these are – You're certainly not a privy. But you're not a party. You're in a party or a privity. We are in privity in the sense, Your Honors, that had we been put on notice, we would have been required to intervene in the case. You're not a privity under any traditional sense of the word. Not under traditional sense of the word. We agree. Your Honors, there are two primary reasons, though, that we believe that the appeal in this matter fails and which the appellant cannot overcome. Both of these rest under this issue of legal entitlement as Nevada applies that to first-party insurance cases. Legal entitlement requires a claimant, such as Ms. Dawkins, to prove fault against the uninsured – Do I have to prove fault in the case against you? And she cannot do that. She has to prove fault against the party. I thought the case was specifically to the contrary. No. That you mean you always have to bring a case against the tortfeasor? You do not have to always bring a case against the tortfeasor. As Mr. Potter pointed out and as the briefs point out, you could settle with the tortfeasor. That didn't happen here. But in fact, what happened here is they sued the tortfeasor. And unfortunately for Ms. Dawkins, she lost the suit. Fault against Mr. Lynn, the adverse driver in the underlying case, can never be proven. Where is your case law that says that you have to have, other than the suit against the insurer, established legal liability? That it's not good enough to establish the legal liability in this lawsuit? No. The problem that they have in this lawsuit, if you look at the Pemberton case, which sets out the legal entitlement rule that says that the claimant has to prove two things. It has to prove fault of the uninsured driver, in this case Mr. Lynn. Okay. It also has to prove damages. Okay. That's the two things to get legal entitlement. So why does it have to be a different lawsuit than this one? It doesn't have to be a different lawsuit. The problem is, is that the result of the underlying case, the Dawkins v. Lynn case, resulted in a decision on the merits under Nevada Rule of Civil Procedure 41b. There is no other type of dismissal. This is a rule. But then you're back to the Rice v. Cotter problem. I don't understand. You seem to be switching away from it, but now you're back to it. There's no way to get around it because why can't I? Suppose they had never brought that case at all. They just never brought it. It would have been better for them. Fine. And then they could come in here and they could just prove it against you. It would have been better for them. Well, then they could — but so if there's no claim preclusion, they can still bring it against you. No, the problem is, is that they cannot prove fault against Mr. Lynn because Mr. Lynn was dismissed with prejudice on the merits. Well, Mr. Lynn is not going to be liable, but that doesn't mean they can't prove that Mr. Lynn was, in fact, liable in the lawsuit against you. Well, that's the problem, right? But the law for bringing the bad faith claim requires legal entitlement. And the rule is very clear. They have to be able to prove a fault. You said that if they had never brought the earlier case, they could have proven it in this case. They could have. They could have settled with Mr. Lynn. No, they didn't settle. They didn't do anything. Oh, okay. They just came in and they brought a — they asked you for coverage. You didn't provide it, and they brought a case against you. Now, without the settlement, it's not clear what the case would be. But as to whether they could bring — prove the liability against you, they could. I agree with that. All right. So, therefore, unless there's something about this earlier case that's preclusive of their being able to do that now and again, then they can do it. Well, the same argument, then, is going to be extended to somebody who loses in trial to Mr. Lynn, and a judgment is rendered against Ms. Dawkins and in favor of Mr. Lynn, and then we turn around and file the same lawsuit. But they don't have much of a case against you if they've lost for coverage of anything. Well, that's exactly the point here. They've lost against Mr. Lynn. They can't prove a case against Mr. Lynn, and, therefore — But they lost for a discovery violation. The Rule 41 says that unless the Court specifically states such — I got that. Okay. And that means that they can't bring suit against Mr. Lynn again. So that's clearly barred. Now we're going to try and go — she's trying to go a different route, but nobody has ever proved or not proven this thing on the merits. Right. And so two problems that we face here. The first is it still is a dismissal on the merits. If this had been tried — if this had been tried on the merits and Ms. Dawkins had lost and then tried to go against you, you might not have claim preclusion, but you might have lots of issue preclusion. There might be lots of issues that if it had been a jury trial or if there had been a bench trial with findings that you might be able to assert in the case. The black-letter reading of the law, though, of Rule 41, is that it is a dismissal on the merits. As to claim preclusion, but not as to issue preclusion, because to issue preclusion it has to be proven. Do you disagree with that? No, I don't disagree with that. All right. So therefore, if it had been tried on the merits, it would have been issue precluded and you wouldn't have the problem you described. But it wasn't. It doesn't matter if it was tried on the merits, though. The rule doesn't speak to that. The rule — You just said that if there was a — if you were trying to assert issue and not claim preclusion, the 41B dismissal would not be preclusive. It would be preclusive as to claim preclusion. I know that. But that's the — so therefore, we're back to the claim preclusion question, which is what I'm saying, because in your hypothetical, the problem wouldn't exist because it would have been tried on the merits, so you would be — they would be issue precluded. Right? Well, I'm not sure if there's a question pending, Your Honor, but — Well, the question is, so therefore, aren't we back to the claim preclusion question, and how do you get claim preclusion? Well, I believe that — I believe that we have — we meet the privity standard as set out by the Five Star case by the Nevada Supreme Court. Where does — I've got Five Star open. Where does — where does it alter the usual rules on privity? I don't know that it alters the typical rules, Your Honor. But in answer to a question I gave you earlier, you told me that they were not in privity under any traditional reading of that rule. Under the traditional reading, I agree. So where does Ruby — where does Five Star v. Ruby alter the traditional rule? I don't believe that it necessarily alters it, but the issue here is that we've got an insurance carrier on a first-party case that steps into the shoes for liability purposes with the tortfeasor. That's what uninsured motorist coverage is all about. No, but that's the problem, because you're not his insurer. You're the insurer of the — your — you have no relationship with the — direct relationship with the — with the tortfeasor. No. We have the relationship through the rule of legal entitlement as to whether or not they can prove — And so therefore, you would be willing, if he did something that — that was negative with regard to you, to say that you're in privity and you're bound by what he did? Of course you wouldn't. Counsel, another way of looking at this is that — is that claim preclusion is sort of a sum total of all of the issue preclusion problems that you might have. That is, that you're going to lose your claim if you can't satisfy certain elements. Those elements are — are maybe issue preclusion. But you haven't got any claim here. You haven't got any argument here for issue preclusion, do you? Because there were no issues resolved in that case. I agree with that, and we didn't bring our dismissal based on issue preclusion. There were no elements that were decided by a jury or by a judge, nothing. Correct. And so if you wanted to try and — and say, well, if I can't get at it by — through claim preclusion, let me see if I can sort of, you know, pick at you, you know, element by element through issue preclusion, there's nothing there. And we did not bring the motion to dismiss based on issue preclusion. That was not the issue, and that was not the issue decided by the district court. All right. So in order to be — if you were in privity with Mr. Lynn, was that his name? With the — with the tort feature. Yes. Yes, Your Honor. And if he had lost, then you would have been bound by that? We would be. No, you wouldn't. You're not in privity with him. In Nevada, if I — I am bound as a First Party — What if he had suffered — if he had suffered a default judgment? I'm sorry, Your Honor. If he had suffered a default judgment, if he had suffered a Rule 41 judgment, if he had had a discovery violation and the judge says it's a sanction against this, I'm just going to — I'm just going to fine for — for misdocus, you would have been bound by that here? If I had been put on notice, Your Honor. But you weren't — but you weren't part of that lawsuit. That's the whole point about privity. You don't have to be put on notice because you're automatically bound. And you wouldn't be because you don't have any relationship with him. You really don't want to take that position, do you, counsel? I see that I'm over time, but I'm happy to respond. Thank you, Your Honor. I'll just submit it, Mr. Correia, as I have your question. I'm sorry? I'll just submit it. Okay. Thank you very much. Thank you, counsel. Thank you both for your argument in Dawkins v. American Family Financial Services. We'll go on to Waite v. Clark Penn.
judges: Berzon, Bybee, Owens